**BROTHER'S CLEANING SERVICE, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 96–537C.

United States Court of Federal Claims.

May 16, 1997.

Ronald H. Traylor, Lake Ridge, VA, for plaintiff.

Mark L. Josephs, Department of Justice, with whom were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Anthony H. Anikeeff, Assistant Director, all of Washington, DC, for defendant. Major Kelly D. Wheaton, Department of the Army, Arlington, VA, of counsel.

## OPINION

BRUGGINK, Judge.

This is an action for breach of contract. Presently pending is the Government's motion for summary judgment, which asserts that the plaintiff has no standing to bring this action. Oral argument was heard on March 18, 1997.[1] After considering the parties' arguments, the court agrees with defendant that the action should be dismissed.

### Background

The underlying procurement at issue was designated a minority small business set-aside pursuant to Section 8(a) of the Small Business Act. Cf. 15 U.S.C. § 637(a) (1994). The nominal principal parties were therefore the Small Business Administration (SBA) and the Department of the Army ("Army"). As in all such contracts funneled through the SBA, the work was to be performed by the nominal subcontractor, which, for all practical purposes, would be the real contractor. In this case the subcontractor was a joint venture, Brothers Midwest Cleaning Service (referred to hereinafter as BMW or "the joint venture"). The joint venture consisted of two parties, the plaintiff, Clifton Hobbs, d/b/a Brothers Cleaning Service ("Brothers" or "Hobbs"),[2] and Midwest Maintenance Company, Inc. ("Midwest").

The joint venture came into existence in October, 1991. Its purpose was to form an entity to bid on the prime contract. The joint venture therefore had to meet the requirements of the SBA regulations that permit joint ventures to qualify as Section 8(a) subcontractors. See 13 C.F.R. § 124.321 (1992). The SBA approved the joint venture as minority owned (51%) and thus qualified to bid on Section 8(a) contracts.

The prime contract with the Army was executed on March 1, 1992. The contract was for the provision of custodial and maintenance services at Fort Leavenworth, Kansas. A subcontract, simultaneously executed between the joint venture and the SBA, and also signed by the Army Contracting Officer (CO), was incorporated into the main contract. By its terms, the SBA delegated to the Army the responsibility for administration of the subcontract.

The contract was for a one year term, but the Army exercised its option to renew for a five year term. Nevertheless, on July 8, 1993, the Army partially terminated the contract for its own convenience, citing a reduction in services required. In June, 1995, Brother's submitted what purported to be a claim to the CO, alleging that the termination was improper. The CO rejected the submission on the ground that it was not a claim by the joint venture. Brother's filed this action in August, 1996.

1. Defendant initially filed a motion to dismiss for lack of jurisdiction. Because the court had misgivings about treating the matter under RCFC 12(b)(1) (lack of subject matter jurisdiction) rather than RCFC 12(b)(4) (failure to state a claim), and because matters outside the complaint were attached to defendant's motion, the court converted the motion to one under RCFC 56. Accordingly, the plaintiff was permitted to submit any additional materials relevant to the grounds asserted in the motion. It did so, and the issue is joined. In retrospect, however, defendant was correct that the only controlling issue is one of standing, which implicates the court's jurisdiction. The additional materials could have been considered without conversion to Rule 56. There is no harm to the process, however, since, even under Rule 12(b)(1) plaintiff would have been able to supply affidavits in an effort to create a fact issue on standing. The court has considered the plaintiff's affidavits and they do not create a relevant fact issue.

2. Brothers later incorporated and was substituted into the joint venture. That substitution is not questioned by defendant, nor is the prosecution of this action by the incorporated entity on behalf of Hobbs or Brothers.

*Discussion*

Defendant's motion is premised on the lack of privity between Brother's, the only named plaintiff, and the Government. The motion is well taken.

Brother's is "twice removed" from a contractual relationship with the Government. The nominal prime contracting parties are the SBA and the Army. It is well-understood, however, that the real party in interest in a Section 8(a) contract is the minority small business. The regulations make this clear. *See* 13 C.F.R. § 124.320(a). There is also no question, however, that the minority small business with which SBA, and thus the Army, contracted, was not Brothers, but BMW.

Plaintiff's efforts to create doubt on this score do not succeed. The entity listed on the Standard Form (SF) 26 as the subcontractor, and hence, the real contractor, was BMW. The attached subcontract was between BMW, the SBA, and the Army. The fact that it was signed by Clifton Hobbs, Jr.,[3] as President of Brother's does not draw that entity into the contract. The joint venture could only act through its component agents. Paul Gutierrez, President of Midwest, also signed, but the effect was not to make Midwest a party.

Paragraph K.8 of the contract, indicating the type of business organization, showed that the contract was being entered into by a joint venture. Although Clifton Hobbs signed at various places in the Section K "Representations, Certifications, and Other Statements of Offerors," this does not change the identity of the contracting party. Hobbs was authorized in the contract to act as the "principal representative" of the joint venture and thus could sign on its behalf. Subsequent SF 30's modifying the contract also showed that the subcontractor was BMW.

Plaintiff points to two places in the contract at which Brother's is referred to as the subcontractor. The first appears at paragraph 1.68, "Special 8(a) Subcontract Conditions."[4] There it is stated that the subcontractor, Brother's, will perform all the conditions of the subcontract. Transparently, this is simply a mistake, and not a surprising one, considering the need for the joint venture to obligate itself through its constituent pieces.

Paragraph K.11, "Contractor's Certification," sets out the form in which various entities need to sign the contract. There are forms for four different types of entities. In this contract, two are filled in, one for contracts with individuals, signed by Clifton Hobbs, d/b/a Brother's Cleaning Services, and one for joint ventures, filled in with the names of Clifton Hobbs and Paul Gutierrez as principal representative and alternative principal of the joint venture. It appears that paragraph K.11 is merely instructive of how the contracting party will sign in order to be bound elsewhere. In other words, subparagraph (a) did not have to be filled in, even if this was a contract with an individual, so long as the proper signature appeared at the appropriate location. The signature at subparagraph K.11(a) is therefore a nullity. The information filled in at subparagraph K.11(d) was necessary, however, for contracts with joint ventures, and that information was furnished.

Plaintiff makes much of the fact that it is the underlying minority entity making BMW qualified for this Section 8(a) contract. That fact is irrelevant. It does not erase the legal effect of creating a joint venture and then using it to obtain the contract. The SBA regulations specifically make room for such arrangements. Having gotten the SBA's approval for the joint venture, that legal status cannot now be ignored. The joint venture has an independent existence, and it is the only legal entity with whom the Government is in privity. In the absence of privity with the Government, the plaintiff cannot sue. *See United States v. Johnson Controls, Inc.,* 713 F.2d 1541, 1550 (Fed.Cir.1983); *Pine*

---

**3.** Typed below the signature is the name *"Clifford* Hobbs, Jr."* Apparently this is a typo.

**4.** Clifton Hobbs, Jr., also signed the blank, "Certification of Requests for Adjustment or Relief Exceeding $100,000," found at paragraph K.27.

That signature blank should not have been filled in at all during contract execution. That paragraph was merely demonstrative of the form to use in making claims.

*Products Corp. v. United States,* 15 Cl.Ct. 11, 14 (1988). The court notes, moreover, that this is not merely a technical nicety. The joint venture agreement requires the consent of both parties before payment can be made to either joint venturer. Brother's does not have the right, in other words, to intercept for itself payments due to BMW.

There is another reason to enforce the form in which the parties chose to contract. The applicable regulations provide that "[a] joint venture agreement is permissible only when the 8(a) concern lacks the necessary capacity to perform the contract on its own...." 13 C.F.R. § 124.321(a). Moreover, the contract cannot be executed until the joint venture agreement is approved by the SBA. *Id.* It follows, therefore, that Brother's, acting on its own, could never have gotten this contract. Otherwise the joint venture would not have been formed or approved. Having brought Midwest into the joint venture in order to obtain access to the work, Brother's cannot now discard the joint venture for its own convenience.

### Conclusion

The court has considered plaintiff's other arguments and finds that they are without merit. Accordingly, the Clerk is directed to dismiss the complaint for lack of jurisdiction. No costs.